## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**WILLIAM G. CALVERT, JR.** and
**PATRICIA DEAUZAT**                                                                    **PLAINTIFFS**

**v.**                                                             **CIVIL ACTION NO. 1:15-CV-15-KS-JCG**

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                                                                  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Allstate Property and Casualty Insurance Company's Motion for Partial Summary Judgment [41].  After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

### I.  BACKGROUND

Plaintiffs William G. Calvert, Jr. ("Calvert") and Patricia Deauzat ("Deauzat") (collectively "Plaintiffs") filed this case on December 30, 2014, in the Circuit Court of Harrison County, Mississippi, against  Defendant Allstate Property and Casualty Insurance Company ("Allstate"), bringing claims of breach of contract and bad faith.  Allstate removed the action to this Court on January 15, 2015, on the basis of diversity jurisdiction.

This action arises out of an accident on December 23, 2012, involving Deauzat and another driver.  The vehicle Deauzat was driving was insured by an Allstate policy issued to Calvert. Allstate did not learn of this accident until July 2014, when it received a letter from Plaintiffs' attorney.  The letter claimed Allstate owed $50,000 under its underinsured motorist coverage for medical expenses suffered by Deauzat in connection with the accident.  Allstate promptly initiated its investigation into this claim.

In December 2014, Plaintiffs filed the current action, and Allstate removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.  Allstate now brings its Motion for Partial Summary Judgment [41] in connection with Plaintiffs' claim of bad faith.

## II.  DISCUSSION

### A.      Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted).  The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.*  "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not

adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B.      Bad Faith

"It is a long-recognized principle that federal courts sitting in diversity apply state substantive law . . . ." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417, 130 S. Ct. 1431, 176 L.Ed.2d 311 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L.Ed.2d 8 (1965)).  In this case, the Court applies Mississippi law to Plaintiffs' claim of bad faith.

Under Mississippi law, a "plaintiff has a 'heavy burden' when seeking punitive damages based on a bad faith insurance claim." *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss. 2001) (quoting *Life & Cas. Ins. Co. v. Bristow*, 529 So.2d 620, 623 (Miss. 1988)).

> The issue of punitive damages should not be submitted to the jury unless the trial court determines that there are jury issues with regard to whether:
>
> 1.  The insurer lacked an arguable or legitimate basis for denying the claim, *and*
>
> 2.  The insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights.

*State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So.2d 637, 641 (Miss. 1998) (citing *Bristow*, 529 So.2d at 622) (emphasis in original).  For delay of payment to be the basis of a bad faith claim, the insurer's conduct must be "egregious." *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1098 (Miss. 1996).

3

Plaintiffs admit that Allstate has never denied their claim.  (Deauzat Affidavit [48-3] at ¶ 3.)
Plaintiffs also admit that they did not file a claim until July 2014, nearly a year and a half after the
accident.  (*See id.*)  The current action was filed in the state court in December 2014, arguing, *inter
alia*, that Allstate's actions with respect to their claim constituted bad faith.  (*See* Complaint [1-2]
at p. 3.)  Payment has yet to be made by Allstate.  Plaintiffs contend that this delay of payment for
their claim is so egregious as to be bad faith under Mississippi law.

For a delay-of-payment bad faith claim to be submitted to the jury, the Mississippi Supreme
Court has held that an insurer's conduct must be as egregious in nature as the insurer in *Travelers
Indemnity Co. v. Wetherbee*, 369 So.2d 829 (Miss. 1979).  *Caldwell*, 686 So.2d at 1098.  In
*Travelers*, the insurer's own agent admitted that payment should have been delivered "a long time
ago" and that there was no explanation as to why it was not.  369 So.2d at 834.  The court concluded
that the evidence in the case supported the finding that the eight-month delay of payment was an
intentional withholding of coverage.  *Id.* at 835.  Furthermore, the delay went against the express
terms of the policy in that case, which required payment within sixty days of proof of loss, and this
breach of the contract terms left a "strong inference that [the delay] was for economic gain."  *Id.* at
835-85.  In this case, no such inference can be drawn.

Allstate is "required by Mississippi law to conduct a thorough investigation" of claims.
*Caldwell*, 686 So.2d at 1098.  Allstate has presented evidence that shows that there was an ongoing
investigation of Plaintiffs' claim from when the claim was filed in July 2014 and continuing until
Allstate was served with the Complaint [1-2] in January 2015.  (*See* Prescott Affidavit [41-1] at pp.
2-5.)  Plaintiffs have presented no evidence to show that this investigation was not an "arguable or
legitimate basis" for the five months between the filing of the claim and the filing of this action.  *See
Grimes*, 722 So.2d at 641 (citing *Bristow*, 529 So.2d at 622).  Nor can Plaintiff argue that this delay

4

is similar to the one in *Travelers*, as payment was never approved by Allstate and the delay is explained by the ongoing investigation.

However, even if the investigation were not found to be an "arguable or legitimate basis" for delay, Plaintiffs have presented no evidence to establish that the delay was a "wilful or malicious wrong" or that it was done with "gross and reckless disregard" for their rights, which is an essential element of their bad faith claim. *See Grimes*, 722 So.2d at 641 (citing *Bristow*, 529 So.2d at 622). Plaintiffs have failed to even argue this element of their claim is met. Therefore, as Plaintiff bear the burden of proving this element and have failed to present any evidence to establish that this burden can be met at trial, the Court must **grant** Allstate's Motion for Partial Summary Judgment [41]. *See Brown*, 663 F.3d at 766 (quoting *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548). Plaintiffs' bad faith claim will be **dismissed with prejudice**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Allstate's Motion for Partial Summary Judgment [41] is **granted**. Plaintiffs claim of bad faith is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 3rd day of February, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE